## Boyer *against* Aurand.

The award in the case of an umpirage, is the act of the umpire, and the joinder of another arbitrator in making the award is but surplusage, which does not vitiate it.

ERROR to *Perry* county.

Debt on bond by Peter Aurand against John K. Boyer, in which this agreement was made by the parties.

"We agree to refer the above action, under the act of 1705, to James L. Dunn and Samuel Baird as referees, with liberty, in case of disagreement, to choose an umpire; report to be made by the next or any subsequent court of common pleas of Perry county, proceedings in said court to stay in meantime. First meeting of the referees to be on the 22d day of March, at Shoenfelter's in Reading.

"James L. Dunn and Samuel Baird, the referees in the above rule named, having met at the time and place therein appointed, and having adjourned from time to time, and heard the parties, their proofs and allegations, and disagreeing as to their report, therefore choose Jacob Sallade as an umpire, by virtue of the authority given them on said rule.

"December 29, 1831. The said umpire and referees met pursuant to notice, and proceeded to hear the parties, their proofs and allegations; adjourned to meet December 30, 1831, at 9 o'clock, A. M.

"December 30, 1831. The said umpire and Samuel Baird met pursuant to adjournment; James L. Dunn the other referee declines again attending, or proceeding farther in the business; and the said umpire and attending referee, after hearing counsel for the plaintiff and defendant, decide that the trial shall proceed; whereupon the defendant, by his counsel Lloyd Wharton, esquire, refuses to examine any more testimony or to proceed any further with the defence; and protests against the jurisdiction of said umpire and referee. Therefore we, the said umpire and referee, having duly considered the proof and allegations of the parties, do find in favour of the plaintiff the sum of 2259 dollars 86 cents debt, together with costs of suit. Witness our hands, January 2, 1832.

"JACOB SALLADE,
"SAMUEL BAIRD."

[Boyer v. Aurand.]

A number of exceptions to this report were filed, which were founded upon allegations of fact, and which the court below disposed of by determining that they were not supported by the evidence. But the objection to the right of one referee and the umpire to decide, was insisted upon there and here. Judgment was rendered on the award by the court below.

*Creigh* and *Carothers,* for plaintiff in error, cited, Falconers *v.* Montgomery, 4 *Dall.* 232 ; Russel *v.* Gray, 6 *Serg. & Rawle* 145.

*Penrose,* contra, cited, *Kidd on Awards* 105 ; 1 *Black. Rep.* 463.

PER CURIAM.—The award in the case of an umpirage, is the act of the umpire, and here we have it. But it is said that it must purport to have been made by him either alone or conjointly with all the arbitrators; and that here but one of them joined. Does that make the award less the act of the umpire? The joinder of the arbitrators is but surplusage at best; on which ground alone it is held not to vitiate, and it might, therefore, be supposed that the less there is of it the better. As to the allegation that the interference of the arbitrator who signed may have had an undue influence in the absence of the other, it is enough to say, that it is the joinder in signing and delivering the award, and not the joinder in consultation which was, at one time, deemed material ; and even that is now disregarded. The award is, therefore, unexceptionable.

Judgment affirmed.